By the Court.—Freedman, J.
The only questions presented for review are raised by exceptions taken by the defendants to the admission of testimony.
Assuming that it was incompetent for the plaintiff to show that he was offered $42,000 for his Sixth Avenue property before the defendants’ railway was constructed, yet it sufficiently appears from the whole case that the defendants were not prejudiced by it. The testimony of defendants’ experts seems to have been wholly discarded. Upon the testimony of plaintiff’s experts four times the amount which was awarded as damage to fee value, might have been awarded. Upon testimony which was competent, sufficient and found worthy of belief, the trial judge found during a period of six years an actual loss of rental value amounting to $150 for each year. It thus fully appears that the award of $2,500 foloss of fee value which was made, is a reasonable one under all the circumstances. It bears the usual relation between fee value and rental value at the legal rate of interest. A somewhat similar question was presented to this eoupt in Ross v. The Manhattan Elevated R. R. Co., 57 N. Y. Super. Ct. 412 decided during January, 1890, and it was held no ground for reversal.
The testimony admitted as regards plaintiff’s Eighth 'Avenue property to the effect that other owners of property in that neighborhood had difficulty in renting their flats after the construction of the elevated railroad, was proper under all the circumstances. It tended to show the uniform opera *140 tion of á general cause ánd that plaintiff’s loss of rents was not attributable to his own neglect, and consequently it also had a legitimate bearing upon the question of fee value as affected by loss of rents.
The judgment should be affirmed with costs.
Sedgwick, Oh. J., and O’Gorman, J., concurred.